Dariush Adli, Esq., SBN 204959
adli@adlilaw.com
Jacob Mojarro, Esq., SBN 194992
jacob.mojarro@adlilaw.com
ADLI LAW GROUP, P.C.
12400 Wilshire Blvd., Suite 1460
Los Angeles, California 90025
Telephone: (213) 623-6546
Facsimile: (213) 623-6554

Attorneys for Defendants MITT LARY FAMILY PRACTICE, LLC
and MALIKA ARYANPURE

## UNITED STATES DISTRICT COURT FOR THE

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BALBOA CAPITAL CORPORATION, a California Corporation;<br><br>    *Plaintiff/Counterclaim Defendant*,<br><br>    v.<br><br>MITT LARY FAMILY PRACTICE, LLC, an Alabama limited liability company;<br>MALIKA ARYANPURE, an individual,<br><br>    *Defendants/Counterclaim Plaintiff.* | Case No. 8:23-cv-00936-MEMF-DFM<br><br>**DEFENDANTS MITT LARY FAMILY PRACTICE, LLC'S AND MALIKA ARYANPURE'S ANSWER, COUNTERCLAIMS AND THIRD-PARTY COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |
| MITT LARY FAMILY PRACTICE, LLC, an Alabama limited liability company; MALIKA ARYANPURE, an individual,<br><br>    *Third-Party Plaintiff,*<br><br>    v.<br><br>HOLOGIC, INC., a Delaware Corporation; CYNOSURE, LLC, a Delaware Corporation,<br><br>    *Third-Party Defendants.* | |

ADLI LAW GROUP, P.C.
www.adlilaw.com
(213) 623-6546

3079.201

Defendants, Counterclaim Plaintiffs, and Third-Party Plaintiffs MITT LARY FAMILY PRACTICE LLC and MALIKA ARYANPURE ("Defendants") states for their Answer to Complaint as follows:

## PARTIES AND JURISDICTION

1.      Defendants lack sufficient information to form an opinion as to the truth of the allegations set forth in Paragraph 1, and on that basis deny the allegations contained in Paragraph 1.

2.      Defendants admit that MITT LARY FAMILY PRACTICE, LLC is an Alabama Limited Liability Company doing business in the State of Alabama and has a place of business in the County of Tuscaloosa, State of Alabama. Defendants deny each and every remaining allegation, if any, in Paragraph 2 of the Complaint.

3.      Defendants admit that MALIKA ARYANPURE is an individual residing in the State of Alabama and was an officer of MITT LARY FAMILY PRACTICE, LLC. Defendants deny each and every remaining allegation, if any, in Paragraph 3 of the Complaint.

4.      Paragraph 4 of the Complaint is no longer applicable as a result of the Notice of Dismissal [Dkt. No. 14] and therefore no response is required from Defendants. In addition, the allegations in Paragraph 4 of the Complaint contain legal conclusions to which no response is required. To the extent that any response is necessary, Defendants lack sufficient information to form an opinion as to the truth of the allegations set forth in Paragraph 4, and on that basis deny the allegations contained in Paragraph 4.

5.      Paragraph 5 contains a legal conclusion to which no response is required. Defendants deny each and every remaining allegation, if any, in Paragraph 5 of the Complaint.

6.      Paragraph 6 contains a legal conclusion to which no response is required. Defendants deny each and every remaining allegation, if any, in Paragraph 6 of the Complaint.

ADLI LAW GROUP, P.C.
www.adlilaw.com
(213) 623-6546

3071.201

**PROOF OF SERVICE**

7.    Defendants admit that the quoted language is found in a document entitled "Equipment Finance Agreement."  The portions of Paragraph 7 that contain a legal conclusion do not require a response.  Defendants deny each and every remaining allegation, if any, in Paragraph 7 of the Complaint.

8.    Paragraph 8 contains a legal conclusion to which no response is required. Defendants deny each and every remaining allegation, if any, in Paragraph 8 of the Complaint.

9.    Paragraph 9 contains a legal conclusion to which no response is required. Defendants deny each and every remaining allegation, if any, in Paragraph 9 of the Complaint.

## **FIRST CAUSE OF ACTION**

### **(Breach of Equipment Financing Agreement)**

### **(Against Mitt Lary Family Practice and Does 1-10)**

10.    Defendants incorporate by reference their response to each and every allegation contained above, inclusive, as though each were fully set forth here.

11.    Defendants admit that a copy of a document entitled "Equipment Finance Agreement No. 304165-000" is attached to the Complaint as Exhibit A.  The portions of Paragraph 11 that contain a legal conclusion do not require a response. Defendants deny each and every remaining allegation, if any, in Paragraph 11 of the Complaint.

12.    The portions of Paragraph 12 that contain a legal conclusion do not require a response.  Defendants deny each and every remaining allegation, if any, in Paragraph 12 of the Complaint.

13.    Defendants admit that Balboa declared the entire balance of the payments under the EFA to be immediately due and payable to Balboa.  The portions of Paragraph 13 that contain a legal conclusion do not require a response.  Defendants deny each and every remaining allegation, if any, in Paragraph 13 of the Complaint.

14.    The portions of Paragraph 14 that contain a legal conclusion do not

ADLI LAW GROUP, P.C.
(213) 623-6546

2

**DEFENDANTS' ANSWER TO COMPLAINT AND COUNTERCLAIM AND THIRD-PARTY COMPLAINT**

require a response. Defendants lack sufficient information to form an opinion as to the truth of the allegation that "the insurance fees in the sum of $756.99 are now due and owing" as set forth in Paragraph 14, and on that basis deny the allegations contained in Paragraph 14. Defendants deny each and every remaining allegation, if any, in Paragraph 14 of the Complaint.

15.    Defendants deny the allegations in Paragraph 15 of the Complaint.

16.    The portions of Paragraph 16 that contain a legal conclusion do not require a response. Defendants deny the remaining allegations, if any, contained in Paragraph 16 of the Complaint.

17.    The portions of Paragraph 17 that contain a legal conclusion do not require a response. Defendants deny the remaining allegations, if any, contained in Paragraph 17 of the Complaint.

## FIRST CAUSE OF ACTION

### (Breach of Guaranty)

### (Against Aryanpure and Does 1-10)

18.    Defendants incorporate by reference their response to each and every allegation contained above, inclusive, as though each were fully set forth here.

19.    The portions of Paragraph 19 that contain a legal conclusion do not require a response. Defendants deny the remaining allegations, if any, contained in Paragraph 19 of the Complaint.

20.    Defendants admit that "Balboa demanded Aryanpure make the payments required under the EFA." The portions of Paragraph 20 that contain a legal conclusion do not require a response. Defendants deny the remaining allegations, if any, contained in Paragraph 20 of the Complaint.

21.    Paragraph 21 contains a legal conclusion to which no response is required. Defendants deny each and every remaining allegation, if any, in Paragraph 21 of the Complaint.

22.    Paragraph 22 contains a legal conclusion to which no response is

**DEFENDANTS' ANSWER TO COMPLAINT AND COUNTERCLAIM AND THIRD-PARTY COMPLAINT**

ADLI LAW GROUP, P.C.
(213) 623-6546

2996.201

required.  Defendants deny each and every remaining allegation, if any, in Paragraph 22 of the Complaint.

## PRAYER FOR RELIEF

Defendants deny that Plaintiff is entitled to the relief requested or to any other relief.

Defendants deny all allegations of the Complaint not specifically admitted above.

## AFFIRMATIVE AND OTHER DEFENSES

## FIRST AFFIRMATIVE DEFENSE

## (Failure to State a Claim Upon Which Relief Can Be Granted)

1.    Defendants are informed and believe, and on that basis allege, Plaintiff's Complaint, and each cause of action thereof, fails to state facts sufficient to constitute a cause of action against Defendants.

## SECOND AFFIRMATIVE DEFENSE

## (No Enforceable Agreement)

2.    Defendants are further informed and believe, and on that basis allege, Plaintiff's Complaint, and each purported cause of action therein, is barred by reason that one or more of the contracts alleged never existed, is void or voidable, or is otherwise not enforceable.

## THIRD AFFIRMATIVE DEFENSE

## (Rescission/Reformation)

3.    Plaintiff is estopped from recovery, in whole or in part, by reason that one or more of the contracts alleged must be rescinded or reformed, based on failure of consideration, fraud, mistake, unforeseen circumstances, including the closure of businesses and stay at home directives and public health and safety orders by the local, state and/or federal government(s), or another basis.

/ / /

/ / /

4

ADLI LAW GROUP, P.C.

(213) 623-6546

2996.201

## FOURTH AFFIRMATIVE DEFENSE

### (Estoppel)

4.     Defendants are further informed and believe, and on that basis allege, Plaintiff are estopped by maxims of equity and law from asserting each and every allegation in the Complaint against Defendants by reason of Plaintiff's own acts, omissions and conduct or that of Plaintiff's agents.  Defendants are further informed and believe, and on that basis allege, that if Defendants failed to perform any oral or written promise, covenant or condition, each or any failure of performance was caused by Plaintiff's acts and/or omissions and that Plaintiff is respectively estopped to deny otherwise.

## FIFTH AFFIRMATIVE DEFENSE

### (Laches/Waiver)

5.     Defendants are further informed and believe, and on that basis allege, Plaintiff's Complaint, and each purported cause of action therein, is barred by the doctrines of laches, and/or waiver.

## SIXTH AFFIRMATIVE DEFENSE

### (Fraud / Unclean Hands)

6.     Defendants are further informed and believe, and on that basis allege, if Plaintiff suffered any damages, said damages occurred as a proximate result of fraudulent or other acts of Plaintiff and/or Plaintiff's agents, and not as a result of any acts, omissions or conduct of Defendants.  By reason thereof, Plaintiff is barred from asserting any or all claims set forth in the Complaint against Defendants by the doctrine of "unclean hands."

## SEVENTH AFFIRMATIVE DEFENSE

### (Compliance with Law)

7.     Defendants are further informed and believe, and on that basis allege, Plaintiff's Complaint, and each purported cause of action therein, is barred by reason that Defendants at all times alleged in the Complaint, complied with the law and any

5

ADLI LAW GROUP, P.C.

(213) 623-6546

2996.201

acts and/or omissions of Defendants' to the extent they are accurate, were expressly authorized by applicable statutes and regulations.

## EIGHTH AFFIRMATIVE DEFENSE

### (Assumption of the Risk)

8.      Defendants are further informed and believe, and on that basis allege, Plaintiff's alleged damages, if any, were caused by Plaintiff's own conduct or omissions, and Plaintiff's alleged right to recover from Defendants is barred and/or limited under the doctrine of assumption of the risk.

## NINTH AFFIRMATIVE DEFENSE

### (Comparative Negligence)

9.      Defendants are further informed and believe, and on that basis allege, Plaintiff's alleged damages, if any, were caused by Plaintiff's own conduct or omissions, and Plaintiff's alleged right to recover from Defendants is barred and/or limited under the doctrine of comparative negligence.

## TENTH AFFIRMATIVE DEFENSE

### (Contributory Conduct)

10.      Plaintiff is estopped from recovery, in whole or in part, due to their own conduct and actions, including but not limited to conduct which failed to exercise reasonable and ordinary care, caution or prudence; conduct which was negligent, careless, reckless and/or unlawful; and/or conduct which constitutes unfair and deceptive business practices, duress, undue influence, constructive fraud, or fraud, including but not limited to with respect to any alleged initiation, negotiation, solicitation, procurement or inducement of any alleged agreement between any of the Defendants and Plaintiff and/or its agents.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Lack of Formation)

11.      Defendants are further informed and believe, and on that basis allege, that to the extent there was any agreement or agreements as alleged in the Complaint,

ADLI LAW GROUP, P.C.

(213) 623-6546

2996.201

6

they were not properly formed.

## TWELFTH AFFIRMATIVE DEFENSE

### (Lack of Sufficient Consideration)

12.    Defendants are further informed and believe, and on that basis allege, Plaintiff's claims are barred, in whole or in part, and/or recovery is precluded because the terms of any purported contract and/or agreement between the Plaintiff and any Defendant, as alleged in the Complaint, lack sufficient cause or consideration for the formation of a valid contract between Plaintiff and any Defendant.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Uncertainty)

13.    Defendants are further informed and believe, and on that basis allege, Plaintiff's claims are barred, in whole or in part, and/or recovery is precluded because the terms of any purported contract and/or agreement between Plaintiff and any Defendant, as alleged in the Complaint, are not sufficiently definite and certain to provide a basis for determining the existence of a breach and for giving an appropriate remedy to Plaintiff.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Unjust Enrichment)

14.    Defendants are further informed and believe, and on that basis allege, that the Complaint, and each purported cause of action alleged therein, is barred because any recovery from Defendant would result in Plaintiff's unjust enrichment.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Frustration of purpose)

15.    Defendants are further informed and believe, and on that basis allege, Plaintiff's claims are barred, in whole or in part, and/or recovery is precluded because the purpose of the contract has been frustrated.

/ / /

/ / /

**DEFENDANTS' ANSWER TO COMPLAINT AND COUNTERCLAIM AND THIRD-PARTY COMPLAINT**

ADLI LAW GROUP, P.C.

(213) 623-6546

2996.201

1

2

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Impossibility/Impracticability)

16.    Defendants are further informed and believe, and on that basis allege, Plaintiff's Claims are barred, in whole or in part, and/or recovery is precluded because the object and performance of the contract were made impossible and impracticable.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Fraud in the Inducement/Misrepresentation)

17.    Defendants are further informed and believe, and on that basis allege, Plaintiff's claims are barred, in whole or in part, and/or recovery is precluded because Plaintiff has fraudulently induced Defendant to enter into the contract.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

18.    Defendants are further informed and believe, and on that basis allege, that Plaintiff are barred from recovering any damages, or any recovery must be reduced, by virtue of Plaintiff's failure to exercise reasonable diligence to mitigate alleged damages.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Setoff/Offset)

19.    Defendants are further informed and believe, and on that basis allege, the Defendants have the right of setoff/offset, if any amount of money is owed to the Plaintiff or due to the Plaintiff by way of damages, or if any amount of money is collected or received in any way or for any reason by the Plaintiff from any source with respect to the damages claimed in the Complaint.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Full Performance and/or Discharge)

20.    Defendants are further informed and believe, and on that basis allege, that any duty or obligation, contractual or otherwise, which the Plaintiff claims is

ADLI LAW GROUP, P.C.

(213) 623-6546

8

2996.201

owed by Defendants have been fully performed and/or satisfied and/or fully discharged, to the extent any such obligation existed.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (No Breach)

21.    Recovery on Plaintiff's claims is barred, in whole or in part, because Defendants did not breach any duty to Plaintiff.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Excuse)

22.    Recovery on Plaintiff's claims is barred, in whole or in part, because any and all such acts or omissions were subject to a legitimate excuse, or were excused by the actions of Plaintiff and/or Plaintiff's agents.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Mistake)

23.    Defendants are further informed and believe, and on that basis allege, recovery on Plaintiff's claims is barred, in whole or in part, under the doctrine of mistake.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Breach of Covenant of Good Faith and Fair Dealing)

24.    To the extent there is any enforceable agreement(s) between Plaintiff and Defendants, each such agreement is accompanied by a covenant and duty of good faith and fair dealing in fulfilling its terms and conditions.  Said covenant of good faith and fair dealing was breached by Plaintiff, thereby barring Plaintiff from the recovery sought and excusing Defendants from performing obligations allegedly not performed, if any.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Reasonableness and Good Faith Actions)

25.    Defendants are further informed and believe, and on that basis allege, Plaintiff's claims are barred, in whole or in part, because Defendants acted reasonably,

ADLI LAW GROUP, P.C.

(213) 623-6546

2996.201

9

and within the scope of all relevant laws, at all relevant times and in all relevant ways in dealing with the Plaintiff.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Willful Misconduct)

26.     Defendants are further informed and believe, and on that basis allege, Plaintiff's claims are barred, in whole or in part, and/or recovery is precluded because Defendants' conduct was not willful in the aspect, if any, that was harmful to the Plaintiff.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (No Damages)

27.     Defendants are further informed and believe, and on that basis allege, that Plaintiff's claims are limited, in whole or in part, and/or recovery is precluded because Plaintiff did not suffer any damages.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Proximate Cause)

28.     Defendants are further informed and believe, and on that basis allege, that Plaintiff's Complaint, and each purported cause of action alleged therein, is barred because the damages or injuries allegedly sustained by Plaintiff, if any, were not proximately caused by the acts, omissions and/or breach of any obligations of Defendants.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

ADLI LAW GROUP, P.C.
(213) 623-6546

**DEFENDANTS' ANSWER TO COMPLAINT AND COUNTERCLAIM AND THIRD-PARTY COMPLAINT**

2996.201

**ADLI LAW GROUP, P.C.**
(213) 623-6546

1

## COUNTERCLAIM AND THIRD-PARTY COMPLAINT

2    For its Counterclaims against Counterclaim Defendant BALBOA CAPITAL

3 CORPORATION ("BALBOA") and Third-Party Complaint against Third-Party

4 Defendants HOLOGIC, INC ("HOLOGIC") and CYNOSURE, LLC

5 ("CYNOSURE"), Counterclaim and Third-Party Plaintiffs MITT LARY FAMILY

6 PRACTICE, LLC and MALIKA ARYANPURE (together, "Counterclaim and

7 Third-Party Plaintiffs") allege as follows:

8    **NATURE OF DISPUTE**

9    1.    Counterclaim and Third-Party Plaintiffs entered into a financing

10 agreement for the purchase of a laser equipment on or about August 2019.

11 Counterclaim and Third-Party Plaintiffs complied with the terms of the agreement in

12 question and made monthly payments to BALBOA for several years until

13 performance was excused due to the devastating consequences of the global

14 coronavirus pandemic outbreak that changed the world, frustrated the purpose of the

15 contract and made performance impracticable for Counterclaim and Third-Party

16 Plaintiffs. Notwithstanding the foregoing, Counterclaim and Third-Party Plaintiffs

17 actively attempted to reach an amicable resolution with BALBOA. It is in these

18 circumstances that BALBOA, in total disregard of this unprecedent crisis and

19 Counterclaim and Third-Party Plaintiffs' good faith efforts to find a solution,

20 responded by filing this lawsuit and demanding even more money to Counterclaim

21 and Third-Party Plaintiffs.

22    **PARTIES**

23    2.    Counterclaim and Third-Party Plaintiffs MALIKA ARYANPURE ("Dr.

24 Aryanpure") is and at all times herein mentioned was, an individual residing in the

25 state of Alabama. MALIKA ARYANPURE is a Doctor of Medicine specializing in

26 cosmetic surgery and related treatments.

27    3.    Counterclaim and Third-Party Plaintiffs MITT LARY FAMILY

28 PRACTICE, LLC, ("MITT LARY") is, and at all times herein mentioned was, a

2996.201

limited liability company organized and existing under the laws of the State of Alabama with its principal place of business in Alabama. Mitt Lary is a medical practice owned by Dr. Aryanpure.

4.      Counterclaim Defendant BALBOA CAPITAL CORPORATION ("BALBOA" or "Lender") is, and all times herein mentioned was, a corporation organized and existing under the laws of the State of California with its principal place of business located at 575 Anton Boulevard, 12th Floor, in the City of Costa Mesa, County of Orange, State of California. BALBOA at all times herein mentioned was a licensed California Finance Lender, CFL License No. 6032159, currently inactive.

5.      Third-Party Defendant HOLOGIC, INC ("HOLOGIC" or "Supplier") is and was at all times herein mentioned, a corporation organized and existing under the laws of the State of Delaware with its principal place of business located at 250 Campus Drive, City of Marlborough, State of Massachusetts. HOLOGIC is a medical technology company, which distributes and supplies a variety of medical equipment and devices to clinics and medical practices. HOLOGIC specifically sold medical device to MITT LARY in or around July 2019.

6.      Third-Party Defendant CYNOSURE, LLC ("CYNOSURE" or "Manufacturer") is, and all times herein mentioned was, a corporation organized and existing under the laws of the State of Delaware with its principal place of business located at 5 Carlisle Road, City of Westfield, State of Massachusetts. At all relevant times mentioned herein, CYNOSURE was wholly owned or controlled by HOLOGIC and represented itself to be a "Hologic Company". HOLOGIC's agents, salespersons, and employees were authorized to sell CYNOSURE products on behalf of HOLOGIC, including the medical device sold to MITT LARY in or around July 2019.

7.      At all times herein mentioned, each and every Counterclaim and Third-Party Defendants were the agent, partner, principal and employee, co-conspirator, co-venturer, and/or aided and abetted of each and every of the remaining Counterclaim and Third-Party Defendants and were at all times mentioned acting within the course

ADLI LAW GROUP, P.C.
(213) 623-6546

2996.201

and scope of such agency and employment.

8.   As alleged in greater detail below, each and every Counterclaim and Third-Party Defendants knowingly and willfully entered into a common design, plan, and agreement with, to perpetrate the wrongs against Counterclaim and Third-Party Plaintiffs, and should be held vicariously liable.

## GENERAL ALLEGATIONS

9.   In 2019, HOLOGIC had employed high pressure sales tactics in marketing, CYNOSURE's products, which involved sales representatives making "cold calls" to medical practices like MITT LARRY and represent to the respective doctor or medical practice that it had selected its "highly respected medical practice and trusted skills" to benefit from an exclusive business offer from CYNOSURE.

10.   During this time, a HOLOGIC sales agent "Cassandra" had repeatedly contacted MITT LARY to promote the sale of CYNOSURE's products. Cassandra was able to establish a friendly rapport through continuous conversations with Dr. Aryanpure and was urging her to obtain for MITT LARY a cosmetic medical device manufactured by CYNOSURE, Tempsure®, advertised as using a radiofrequency (RF) platform to provide aesthetic non-invasive skin tightening procedures (the "Equipment").

### A.   Counterclaim and Third-Party Plaintiffs were Fraudulently Induced to Sign a Financing Agreement

11.   With respect to the Equipment, Cassandra made the following misrepresentations to Dr Aryanpure: (a) the use of the Equipment by MITT LARY in its Medical Practice will inevitably generate significant profits; (b) that HOLOGIC and CYNOSURE would provide continuous and extensive technical training to MITT LARY's medical staff and employees on how to operate the Equipment;  (c) that HOLOGIC and CYNOSURE would handle the marketing of the Equipment and provide all brochures and marketing material the various treatments MITT LARY could offer with the Equipment; and (d) that HOLOGIC and CYNOSURE would

ADLI LAW GROUP, P.C.
(213) 623-6546

2996.201

1  support the business development surrounding the Equipment for MITT LARY to
2  build a clientele base.

3      12.    MITT LARY did not want to invest the upfront capital in the Equipment,
4  which was priced at over $180,000. However, Cassandra continued to pressure MITT
5  LARY to purchase the Equipment. During her conversations with Dr. Aryanpure,
6  Cassandra represented that HOLOGIC and CYNOSURE offered financing options
7  for the purchase of the Equipment and endorsed BALBOA as their exclusive
8  financing partner. Cassandra further represented to Dr. Aryanpure that MITT LARY
9  could *only* purchase the Equipment through the financing provided by BALBOA.

10     13.    As part of HOLOGIC's efforts to finalize the sale of the Equipment to
11 MITT LARY, Cassandra went to meet with Dr. Aryanpure on or around July 23,
12 2019, to discuss the terms for an Equipment Financing Agreement ("EFA") with
13 BALBOA.   At this meeting, Cassandra failed to disclose that BALBOA was a
14 separate company and did not confirm whether she or HOLOGIC were authorized to
15 discuss the EFA on behalf of BALBOA. Cassandra further represented to Dr.
16 Aryanpure that MITT LARY could cancel the EFA at any time.

17     14.    Cassandra made various misrepresentations with respect to the EFA, by
18 directly stating to Dr Aryanpure; (e) that the amount of new businesses generated by
19 MITT LARY's promotion and use of the Tempsure®, RF Platform, would be more
20 than sufficient revenue to cover the monthly payments due under the EFA; (f) that
21 only BALBOA could finance MITT LARY's purchase of the Equipment; and (g) that
22 BALBOA would provide "extremely favorable" loan terms and interest rates to MITT
23 LARY's in the EFA, yet never disclosed the terms and interest rates; and (h) that
24 MITT LARY's could cancel the EFA at any time.

25     15.    Through the statements and representations made by Cassandra,
26 Counterclaim and Third-Party Plaintiffs understood that HOLOGIC, CYNOSURE
27 and BALBOA held joint interests and were part of the same business.  As a result of
28 CYNOSURE's representations, MITT LARY was induced to sign the Equipment

14

ADLI LAW GROUP, P.C.
(213) 623-6546

1  Financing Agreement ("EFA") with BALBOA on or about July 23, 2019. The EFA
2  was countersigned by BALBOA on or about August 1, 2019,

3       16.    Under the terms of the EFA, BALBOA was to finance the full price of
4  the Equipment as presented by HOLOGIC, in the amount of One Hundred and Eighty-
5  Four Thousand, Nine Hundred and Eighty-Two 50/100 Dollars ($184,982.50), which
6  was to be remitted through a wire transfer payable to HOLOGIC's account.  The
7  payment terms of the EFA required MITT LARY to make sixty-six (66) monthly
8  payments to BALBOA in the amount of $99.00 for payments 1-6 and the amount of
9  $4,205.50 for payments 7-66.  The EFA also contained terms for personal guaranty
10  by Dr. Aryanpure (the "Guaranty")

11       17.    BALBOA at all relevant times mentioned herein was a licensed
12  California Finance Lender, License No. 6032159, currently in Inactive Status. As a
13  finance lender, BALBOA was required to comply with the California Financing Law,
14  California Finance Code Sections 22000 *et. seq*. and the specific subsections
15  regulating the financing of a commercial loan.

16       18.    After Dr. Aryanpure signed the EFA, neither Cassandra nor anyone else
17  from HOLOGIC reached out to MITT LARY to offer the support Cassandra promised
18  would come with the Equipment.  Despite the Equipment not performing as promised
19  and MITT LARY immediately facing numerous unexpected problems with using the
20  Equipment, Counterclaim and Third-Party Plaintiffs continuously performed their
21  obligations and sent monthly payments to BALBOA, until it became impossible.

22  **B.    Covid-19 outbreak frustrated the purpose of the EFA and rendered**
23  **performance by Counterclaim and Third-Party Plaintiffs**
24  **temporarily impossible.**

25       19.    In late 2019, the outbreak of the novel Coronavirus Disease 2019
26  ("COVID-19") had started in China, and shortly after the World Health Organization
27  declared COVID-19 a Public Health Emergency of International Concern.

28       20.    In February and March 2020, COVID-19 was by then declared

2996.201
**DEFENDANTS' ANSWER TO COMPLAINT AND COUNTERCLAIM AND THIRD-PARTY COMPLAINT**

worldwide pandemic and in response to the large spread in the United States, both Federal and State governments initiated severe restrictions to fight the spread of COVID-19, such as the closure of all unessential practices and businesses and stay at home orders requiring all individuals to stay home unless furthering essential tasks such as grocery shopping.

21.    On March 19, 2020, the State Health Officer of Alabama issued the Statewide Order 'Suspending Certain Public Gatherings Due to Risk of Infection by Covid-19' The Statewide Order was pursuant to the Code of Alabama *1975* § 22-2-2(4), which authorizes the State Health Officer, on behalf of the State Board of Health, to direct those conditions prejudicial to health in public places within the State be abated.

22.    By the end of March 2020, multiple Federal and state regulations have been implemented requiring individuals to stay at home unless they are furthering essential tasks; to respect social distances at all times, which involved keeping a distance of six feet from one another at all times; and the closure of non-essential businesses.

**C.    Counterclaim and Third-Party Plaintiffs Could no Longer Comply with terms of EFA.**

23.    In light of this sudden and unimaginable outbreak, Counterclaim and Third-Party Plaintiffs closed their medical practice on or about March 2020 in order to protect the health and safety of the patients and employees and to comply with corresponding government orders and guidelines. As a result, Counterclaim and Third-Party Plaintiffs, as many other individuals and businesses, have been drastically harmed by this global pandemic and suffer from its economic impact.

24.    Because COVID-19 regulations imposed a mandatory distance of 6 feet between all individuals, Counterclaim and Third-Party Plaintiffs' medical practice-- which included the use of the Equipment in close contact with the faces and bodies of patients- had been prohibited by the COVID-19 health regulations. The unforeseeable

ADLI LAW GROUP, P.C.
(213) 623-6546

2996.201

16

ADLI LAW GROUP, P.C.

(213) 623-6546

and mandatory suspension of Counterclaim and Third-Party Plaintiffs' medical practice, for an undetermined amount of time, resulted in an absence of income as the operation of MITT LARY constitutes Counterclaim and Third-Party Plaintiffs' main source of revenue.

25.    As a result, after complying with their obligations under the EFA for approximatively nine months, Counterclaim and Third-Party Plaintiffs came to the realization that moving forward, and for an uncertain period of time, they could not keep up with the monthly payments due to BALBOA under the EFA as originally contemplated. The issue faced by Counterclaim and Third-Party Plaintiffs was not a minor delay of available money, but rather the total absence of a foreseeable permanent reopening MITT LARY, in a manner that would generate a continuous and stable source of income and will permit Counterclaim and Third-Party Plaintiffs s to comply with their monthly payment obligations under the EFA. Therefore, before the next monthly payment was due, Counterclaim and Third-Party Plaintiffs s reached out to BALBOA to find a reasonable and amicable solution.

26.    Based on the unprecedent and unexpected change of circumstances caused by COVID-19 pandemic and Counterclaim and Third-Party Plaintiffs good faith compliance with the terms of the EFA up until that time; Counterclaim and Third-Party Plaintiffs expected BALBOA to make good faith efforts to find a reasonable solution, but this was not the case. Rather, in total disregard of Counterclaim and Third-Party Plaintiffs' circumstances, BALBOA continued to make withdrawals of the monthly amounts from Counterclaim and Third-Party Plaintiffs' bank account. However, the requested amounts were not available in Counterclaim and Third-Party Plaintiffs' bank account.

27.    Instead of attempting to find a solution with Counterclaim and Third-Party Plaintiffs, BALBOA, filed a complaint on May 27, 2020 in California Superior Court entitled, *Balboa Capital Corporation v. Mitt Lary Family Practice LLC, et al.,* Case No. 30-2020-01146549-CU-CL-CJC (Cal. Supr.) (hereinafter "*Balboa I''*) and

17

2996.201

demanded even more money from Counterclaim and Third-Party Plaintiffs. *Balboa I* involved essentially the same allegations and causes of action as being alleged in the above captioned Complaint.  The parties vigorously litigated *Balboa I* over three years, including extensive discovery, numerous discovery motions, and several continuations of the trial date.  Trial was scheduled to begin on October 9, 2023. Without any prior notice or explanation, after three years of litigating *Balboa I,* BALBOA voluntarily dismissed *Balboa I* without prejudice on May 16, 2023. Having delayed adjudication of the underlying dispute between the parties, BALBOA now believes that it is its right to immediately receive the shocking amount of $242,508.01, plus interests.

28.    Since that time BALBOA had refused to provide an extension of time or forbearance on MITT LARY's payment obligations under the EFA. Despite offers by the Counterclaim and Third-Party Plaintiff, BALBOA has refused to permit MITT LARY to continue the previous monthly payments and has instead declared the entire amount under the EFA, plus interest and attorney fees, due and payable.  Counterclaim and Third-Party Plaintiff therefore respectfully request the Court to order the equitable and legal relief requested herein, including a declaration as to the extent to which Counterclaim and Third-Party Plaintiffs s monthly payments was and is abated and a reformation or rescission of the EFA accordingly.

## **FIRST CAUSE OF ACTION**
### **BREACH OF ORAL CONTRACT**
### **(Against CYNOSURE and HOLOGIC)**

29.    Counterclaim and Third-Party Plaintiffs repeat and reallege each and every allegation set forth above as if set forth fully herein.

30.    As alleged with more particularity in the allegations set forth above, CYNOSURE and HOLOGIC as the Manufacturer and Supplier of the Equipment (together "Sellers") jointly sold CYNOSURE's product to MITT LARY under both HOLOGIC and CYNOSURE's name.    Accordingly, Sellers entered into an oral

contract with Counterclaim and Third-Party Plaintiffs, wherein in exchange for MITT LARY's purchase of the Equipment and Dr. Aryanpure's Guaranty by executing the EFA, the Sellers agreed to provide the following valuable performance: guarantee Counterclaim and Third-Party Plaintiffs' successful use and profit generation from the Equipment; to provide training, business support and marketing materials for Counterclaim and Third-Party Plaintiffs; build up clientele for Counterclaim and Third-Party Plaintiffs; and other affirmations of fact as terms forming the basis of the oral contract.

31.   The terms of the oral contract were clear enough that both the Counterclaim and Third-Party Plaintiffs and the Sellers could understand what each was required to do and each agreed to the terms.

32.   As alleged with more particularity in the allegations set forth above, Counterclaim and Third-Party Plaintiffs fully performed their obligations under the oral contract by purchasing the Equipment through the execution of the EFA.

33.   Through Counterclaim and Third-Party Plaintiffs' performance on the oral contract, the Sellers received the full bargained for compensation for the Counterclaim and Third-Party Plaintiffs execution of the EFA. Despite Sellers receiving the full benefit of the funds obtained from financing of the purchase of the Equipment, Sellers's sale of the Equipment. However, CYNOSURE and HOLOGIC failed to perform any of the agreed promises under the terms of the oral contract.

34.   As the foreseeable and actual result of the Seller's breach of contract, Counterclaim and Third-Party Plaintiffs were damaged in the amount that was paid to finance the Equipment, including all sales price, tax, principal, interest and markups, as well as all amounts Counterclaim and Third-Party Plaintiffs' may be found liable by executing the EFA. Counterclaim and Third-Party Plaintiffs were also further harmed by all amounts spent in efforts to support the business and advertise the Medical Practices use of the Equipment.

35.   As alleged with more particularity in the allegations set forth above,

ADLI LAW GROUP, P.C.
(213) 623-6546

19

Counterclaim and Third-Party Plaintiffs were harmed by these breaches, including Counterclaim and Third-Party Plaintiffs' inability to use the Equipment for its business, and yet still paid substantial amounts under the EFA. Subsequently, Counterclaim and Third-Party Plaintiffs have incurred even more damages in attorneys' fees and legal costs involved in defending against the complaint filed by BALBOA in *Balboa I* and in this lawsuit.

36.    As a proximate result of this conduct, Counterclaim and Third-Party Plaintiffs have been damaged in an amount according to proof, but in an amount no less than $300,000.00.

## SECOND CAUSE OF ACTION

## BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

### (Against All Counterclaim and Third-Party Defendants)

37.    Counterclaim and Third-Party Plaintiffs repeat and realleges each and every allegation set forth above as if set forth fully herein.

38.    Every contract includes an implied covenant of good faith and fair dealing, whereby each party agrees not to engage in any acts which would unfairly interfere with the other party's rights to the benefits to the contract. California courts have defined "good faith" in a contract to mean honesty of purpose without any intention to mislead or to take unfair advantage of another.

39.    As alleged in the detail in the cause of action above, Counterclaim and Third-Party Plaintiffs and the Sellers entered into an oral contract for Sellers' performance on their oral promises in exchange for Counterclaim and Third-Party Plaintiffs' purchase of the Equipment. Under the oral contract the Sellers owed Counterclaim and Third-Party Plaintiffs a duty of honesty of purpose without any intention to mislead or to take unfair advantage of another.

40.    Th Sellers reached its duty of good faith by failing to perform the promises under the oral contract, by misleading Counterclaim and Third-Party

ADLI LAW GROUP, P.C.

(213) 623-6546

2996.201

20

Plaintiffs to believe that HOLOGIC's required Lender, BALBOA, and Sellers were part of the same business; and by misrepresenting the terms of the EFA with the Lender.

41.    As alleged with more particularity in the general allegations set forth above, BALBOA as the Lender and Counterclaim and Third-Party Plaintiffs as the Borrower entered the EFA wherein the Lender had financed the purchase of the Equipment in exchange for Counterclaim and Third-Party Plaintiffs making all scheduled payments.  Under the EFA, the Lender owed Counterclaim and Third-Party Plaintiffs a duty of honesty of purpose without any intention to mislead or to take unfair advantage of another.

42.    The Lender breached its duty of good faith by failing to perform its statutory duty as California Finance Lender and assuring that Counterclaim and Third-Party Plaintiffs acknowledged in writing a written statement disclosing the Lender's sole authorization to offer a financing loan.

43.    Counterclaim and Third-Party Plaintiffs have performed all duties under the oral contract with Sellers and were excused for performance under the EFA with the Lender. Counterclaim and Third-Party Defendants' Breach of a specific provision of the contract is not prerequisite. The covenant of good faith can be breached for objectively unreasonable conduct, regardless of the actor's motive.

44.    In committing the breaches of contract detailed above in the General Allegations and First Cause of Action, Counterclaim and Third-Party Defendants, and each of them, did not act fairly, honestly or in good faith and therefore breached the implied covenant of good faith and fair dealing.

45.    As alleged with more particularity in the allegations set forth above, Counterclaim and Third-Party Plaintiffs were harmed by these breaches, including being denied the benefit of the bargain to assure its successful use of the Equipment for its business, and yet still paid nearly $13,300 to BALBOA and more than $25,000.00 to support its business. Subsequently, Counterclaim and Third-Party

ADLI LAW GROUP, P.C.
(213) 623-6546

21

2996.201

1    Plaintiffs have incurred an even larger amount of attorneys' fees and costs defending

2    *Balboa I* and this instant court action commenced by BALBOA.

3        46.    The violations detailed above were intentional, and a tort-based recovery

4    for breach of the covenant of good faith and fair dealing is appropriate here because

5    of the special relationship between the contracting parties.

6        47.    As a proximate result of this conduct, Counterclaim and Third-Party

7    Plaintiffs have been damaged in an amount according to proof.

8        48.    Counterclaim and Third Party Defendants' conduct and each of them was

9    fraudulent, malicious, and oppressive within the meaning of section 3294 of the

10   California Civil Code, in that they intended to cause injury to Counterclaim and Third-

11   Party Plaintiffs and acted despicably, with a willful and conscious disregard of the

12   rights of Counterclaim and Third-Party Plaintiffs. Counterclaim and Third-Party

13   Plaintiffs are therefore entitled to an award of exemplary and punitive damages, in an

14   amount deemed appropriate by the trier of fact, to punish and make an example of

15   Cynosure.

16                    **THIRD CAUSE OF ACTION**

17        **VIOLATION OF CALIFORNIA'S FALSE ADVERTISING LAWS**

18                    **Cal. Bus. & Prof Code §1700, et seq.**

19                    **(Against CYNOSURE and HOLOGIC)**

20       49.    Counterclaim and Third-Party Plaintiffs repeat and re-allege the

21   allegations contained in every preceding paragraph as if fully set forth herein.

22       50.    Cal. Bus. & Prof. Code § 17500 provides: It is unlawful for any

23   person…corporation…with intent…to dispose of…personal property…to induce the

24   public to enter into any obligation relating thereto, to make or disseminate or cause to

25   be made or disseminated…from this state before the public in any state, in any

26   newspaper or other publication, or any advertising device, or by public outcry or

27   proclamation, or in any other manner or means whatever, including over the Internet,

28   any statement…which is untrue or misleading, and which is known, or which by the

ADLI LAW GROUP, P.C.
(213) 623-6546
2996.201

22

exercise of reasonable care should be known, to be untrue or misleading…". "or for any person, firm, or corporation to so make or disseminate or cause to be so made or disseminated any such statement as part of a plan or scheme with the intent not to sell that personal property or those services, professional or otherwise, so advertised at the price stated therein, or as so advertised."

51.    The "intent" required by Section17500 is the intent to dispose of property, and not the intent to mislead the public in the disposition of such property.

52.    The Sellers claimed to offer a benefit to Counterclaim and Third-Party Plaintiffs through its partnership with BALBOA; claimed it would support Counterclaim and Third-Party Plaintiffs' marketing and business development in offering treatments through the Equipment, guaranteed the generation of business from new clients, sufficient for Counterclaim and Third-Party Plaintiffs to cover monthly payments due under the EFA, and claimed Counterclaim and Third-Party Plaintiffs could cancel the EFA at any time.

53.    These claims by Sellers were unfair, untrue, and misleading practices, which did, in fact, misled Counterclaim and Third-Party Plaintiffs. By these untrue and misleading statements Sellers induced Counterclaim and Third-Party Plaintiffs to sign the EFA and failed to disclose the actual terms of the EFA.

54.    As a direct and proximate result of the Sellers's misleading and false advertisements, Counterclaim and Third-Party Plaintiffs have suffered injury in fact and have lost money. As such, Counterclaim and Third-Party Plaintiffs request that this Court order the Sellers to restore this money paid for the Equipment to Counterclaim and Third-Party Plaintiffs, and to enjoin HOLOGIC and CYNOSURE from continuing these unfair practices in violation of the California Unfair Competition Law in the future. Otherwise, Counterclaim and Third-Party Plaintiffs and the broader general public, will be irreparably harmed and/or denied an effective and complete remedy.

/ / /

ADLI LAW GROUP, P.C.
(213) 623-6546

**FOURTH CAUSE OF ACTION**

**NEGLIGENCE and NELGIGENCE PER SE**

**(AGAINST BALBOA)**

55.    Counterclaim and Third-Party Plaintiffs repeat and re-allege the allegations contained in every preceding paragraph as if fully set forth herein.

56.    At all relevant times mentioned herein, BALBOA was a licensed California Finance Lender, subject to regulations California Financing Law, CA FIN Code §§ 22000 *et. seq.* ("CFL").

57.    BALBOA as the Lender, financed the purchase of the Equipment through the consummation of a commercial loan which was solicited and procured by a person who did not hold a CFL license issued through the State of California, through a borrower referred to BALBOA by that unlicensed person.

58.    Under CFL § 22603, before Counterclaim and Third-Party Plaintiffs signed the EFA, BALBOA had a duty to provide Counterclaim and Third-Party Plaintiffs as a prospective borrower, the following written statement, in 10-point font or larger, and require Counterclaim and Third-Party Plaintiffs to acknowledge receipt of the statement in writing:

> You have been referred to us by [Name of Unlicensed Person]. If you are approved for the loan, we may pay a fee to [Name of Unlicensed Person] for the successful referral. [Licensee], and not [Name of Unlicensed Person] is the sole party authorized to offer a loan to you. You should ensure that you understand any loan offer we may extend to you before agreeing to the loan terms. If you wish to report a complaint about this loan transaction, you may contact the Department of Business Oversight at 1-866-ASK-CORP (1-866-275-2677), or file your complaint online at www.dbo.ca.gov.

59.    Additionally, CFL § 22602(b) provides that, "A licensee that pays compensation to a person that is not licensed in connection with a referral for a commercial loan made by that licensee to a borrower shall be liable for any misrepresentation made to that borrower in connection with that loan." Counterclaim

24

ADLI LAW GROUP, P.C.
(213) 623-6546

2996.201

1    and Third-Party Plaintiffs were borrowers of commercial loan made by BALBOA and

2    is in the class of persons which CFL § 22602(b) is intended to protect.

3        60.    BALBOA breached its statutory duty to provide this written statement to

4    the Counterclaim and Third-Party Plaintiffs. As a direct result of BALBOA's breach,

5    Counterclaim and Third-Party Plaintiffs were under the belief that BALBOA and

6    CYNOSURE were party of the same business, and that the representations

7    CYNOSURE made regarding the loan and terms for financing under the EFA were

8    true.

9        61.    As a result of BALBOA failing to fulfill its statutory duty, Counterclaim

10   and Third-Party Plaintiffs reasonably believed that representations made by the sales

11   representative from HOLOGIC and CYNOSURE were true and was not on notice

12   that BALBOA held different interests in financing the purchase of the Equipment.

13   Accordingly, Counterclaim and Third-Party Plaintiffs obligated themselves under the

14   EFA under the mistaken belief that the relevant representations made by HOLOGIC

15   salesperson were true and that the execution of the EFA obligated HOLOGIC and

16   CYNOSURE to perform on the promises it made.

17       62.    Due to BALBOA's violation of the commercial loan provisions of the

18   CFL which were intended to protect Borrowers like Counterclaim and Third-Party

19   Plaintiffs, BALBOA's negligence is presumed.

20       63.    But for BALBOA's failure to comply with its requirements of the CFL

21   which is applicable to all license finance lenders, Counterclaim and Third-Party

22   Plaintiffs would not have been induced to sign the EFA by the misrepresentations of

23   the unlicensed sales agent. BALBOA is further liable for all misrepresentations made

24   by the unlicensed person per the provisions of the CFL.

25                      **FIFTH CAUSE OF ACTION**

26                    **RESCISSION OR CANCELLATION**

27                    **(Against All Cross-Defendants)**

28       64.    Counterclaim and Third-Party Plaintiffs repeat and re-allege the

ADLI LAW GROUP, P.C.
(213) 623-6546

**DEFENDANTS' ANSWER TO COMPLAINT AND COUNTERCLAIM AND THIRD-PARTY COMPLAINT**

2996.201

allegations contained in every preceding paragraph as if fully set forth herein.

65.   California Civil Code § 1689 expressly recognizes a party's right to rescind a contract if the consent of the party was given by mistake or obtained through fraud exercised by or with the connivance of the party seeking to enforce the contract.

66.   California Civil Code § 1577 characterizes a mistake of fact as a mistake consisting of a belief in the present existence of a thing material to the contract, which does not exist.

67.   California Civil Code §§ 2300 and 2317 establish the authority of an ostensible agent when the principal "intentionally or by want of ordinary care" allows a third person to believe the agent has such authority.

68.   Counterclaim and Third-Party Plaintiffs' consent to the EFA was given by the mistake that HOLOGIC and CYNOSURE would provide services and support for Counterclaim and Third-Party Plaintiffs' successful and profitable use of the Equipment.

69.   Counterclaim and Third-Party Plaintiffs s consent to the EFA was also obtained by the fraudulent misrepresentations made by HOLOGIC's sales representative, Cassandra, including the false promise of services and support Sellers would provide to Counterclaim and Third-Party Plaintiffs, and the false representations of the financing terms under the EFA for the loan provided by BALBOA, including that Counterclaim and Third-Party Plaintiffs could cancel the EFA at any time.

70.   Neither HOLOGIC, CYNOSURE, or HOLOGIC's sales representative, Cassandra, were licensed under the CFL, yet received compensation for its referral of the Counterclaim and Third-Party Plaintiffs to BALBOA for a commercial loan. The CFL holds a licensed finance lender is liable for any misrepresentations made by an unlicensed person referring a borrower to that lender.

71.   Additionally, as alleged in the detail in the Fourth Cause of Action, BALBOA was negligent in its failure to provide written disclosure of its sole authority

ADLI LAW GROUP, P.C.
(213) 623-6546

26

to offer Counterclaim and Third-Party Plaintiffs a loan. Therefore, *if not intentionally then at least by want of ordinary care*, BALBOA allowed for HOLOGIC or CYNOSURE representative to make unchallenged false representations of the EFA and the financing of the Equipment to Counterclaim and Third-Party Plaintiffs.

72.    Accordingly, by at least want or ordinary care, BALBOA allowed Counterclaim and Third-Party Plaintiffs to believe that HOLOGIC or CYNOSURE had authority, either as an agent or as a party with joint business interests as BALBOA, to represent the terms of the EFA to Counterclaim and Third-Party Plaintiffs.

73.    BALBOA is responsible for HOLOGIC's and CYNOSURE's fraudulent acts through ostensible agency and has statutory liability under the CFL for the misrepresentations made by Cassandra, Moreover, Counterclaim and Third-Party Plaintiffs' consent to the EFA was obtained through fraud for which BALBOA is liable, and therefore the EFA is subject to rescission by Counterclaim and Third-Party Plaintiffs.

74.    Counterclaim and Third-Party Plaintiffs seeks an order from this court rescinding the EFA and holding that Counterclaim and Third-Party Plaintiffs and returning the parties to their status quo ante.

## SIXTH CAUSE OF ACTION

### (REFORMATION)

### (Against BALBOA)

75.    Counterclaim and Third-Party Plaintiffs repeat and re-allege the allegations contained in every preceding paragraph as if fully set forth herein.

76.    The performance of the contract is excused when an (1) unforeseeable event, (2) outside of the parties' control, (3) renders performance impossible or impractical. *Citizens of Humanity, LLC v. Caitac Int'l, Inc.,* No. B215233, 2010 WL 3007771 (Cal. Ct. App. Aug. 2, 2010). Additionally: "performance remains possible but is excused whenever a fortuitous event supervenes to cause a failure of the

ADLI LAW GROUP, P.C.

(213) 623-6546

2996.201

consideration or a practically total destruction of the expected value of the performance." *Id.* (*see also* Restatement (Second) of Contract 265 and *Lloyd v. Murphy*, 25 Cal. 2d 48, 54, 153 P.2d 47, 50 (1944).

77.    Counterclaim and Third-Party Plaintiffs executed the EFA with the purpose that it would be able to successfully use the Equipment on patients in open operations of its business and benefit from the use of the Equipment. The ability to fulfill this purpose was the basis for Counterclaim and Third-Party Plaintiffs' willingness to make the monthly payments provided by the EFA.

78.    The impact of COVID-19 global pandemic was a supervening event which could not be foreseen by either Counterclaim and Third-Party Plaintiffs or the Lender. Accordingly, the purpose of the purchase of the Equipment was frustrated.

79.    The expected value of performance of the EFA to Counterclaim and Third-Party Plaintiffs have been destroyed by an unexpected event, which caused an actual failure of consideration.

80.    Accordingly, during the time State of Alabama's health regulations and State Health Officer's orders mandated the closure of Counterclaim and Third-Party Plaintiffs' Medical Practice, the purpose of the EFA was frustrated and Counterclaim and Third-Party Plaintiffs' performance was excused. However, despite this frustration of purpose, BALBOA has declared Counterclaim and Third-Party Plaintiffs' default and wrongfully seeks immediate payment of all amounts owed under the EFA, plus interest and attorney fees.

81.    An actual controversy exists between the parties concerning their respective rights under the EFA and Counterclaim and Third-Party Plaintiffs have no adequate remedy at law. BALBOA seeks to enforce the EFA and collect even more money than originally provided by the EFA, where in fact the EFA should be reformed under the doctrine of frustration of purpose to allow for deferral of payments under the EFA until the time Counterclaim and Third-Party Plaintiffs were able to open and operate its Medical Practice in the State of Alabama with the potential to

28

use the Equipment.

82. Counterclaim and Third-Party Plaintiffs are entitled to judicial reformation of the EFA to reflect the purpose and intent of the parties and: i) that Counterclaim and Third-Party Plaintiffs  is excused from making the monthly payments under the EFA from the time of the mandated closures of non-essential business in the state of Alabama until the time it was able to reopen; and ii) BALBOA wrongfully refused to allow Counterclaim and Third-Party Plaintiffs  to continue payments under the EFA after their medical practice was allowed to reopen.

83. Counterclaim and Third-Party Plaintiffs are entitled to judicial reformation of the EFA to reflect the purpose and intent of the parties and hold that Counterclaim and Third-Party Plaintiffs are excused from making the monthly payments provided by the EFA from the time Counterclaim and Third-Party Plaintiffs were forced to close the Medical Practice until the time it was allowed open again in the State of Alabama, with the ability to use the Equipment.

84. Counterclaim and Third-Party Plaintiffs respectfully request that this Court enter a judgement that Counterclaim and Third-Party Plaintiffs are entitled to judicial reformation of the EFA to reflect the parties' true intent, as set forth above.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

**DEFENDANTS' ANSWER TO COMPLAINT AND COUNTERCLAIM AND THIRD-PARTY COMPLAINT**

ADLI LAW GROUP, P.C.

(213) 623-6546

2996.201

## PRAYER FOR RELIEF

**WHEREFORE**, Counterclaim and Third-Party Plaintiffs pray for judgment as follows:

1.  Awarding judgement for Counterclaim and Third-Party Plaintiffs and damages in an amount to be proven at trial;

2.  Awarding rescission, reformation declaratory relief as alleged above;

3.  Awarding the injunctive relief necessary to ensure that Counterclaim and Third Party Defendants' conduct alleged herein does not continue into the future;

4.  An award of exemplary and punitive damages;

5.  An award for attorneys' fees under Civil Code Section 1717.

6.  For legal costs, filing costs and costs of suit;

7.  For such other and further relief as the Court deems just and proper.


ADLI LAW GROUP, P.C.


Dated: November 2, 2023        By:   / s/ Dariush G. Adli
_____

Dariush G. Adli
Jacob Mojarro
*Attorneys for Defendants*
MITT LARY FAMILY PRACTICE, LLC
and MALIKA ARYANPURE

ADLI LAW GROUP, P.C.

(213) 623-6546

2996.201

30

**DEFENDANTS' ANSWER TO COMPLAINT AND COUNTERCLAIM AND THIRD-PARTY COMPLAINT**